# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **RANDALL J. KEYSTONE,** | ) | Civil Action No. 7:15cv00553 |
| Plaintiff, | ) | |
| | ) | **ORDER ADOPTING REPORT** |
| v. | ) | **AND RECOMMENDATION** |
| | ) | |
| **G.M. HINKLE,** *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Randall J. Keystone, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants subjected him to cruel and unusual living conditions and retaliated against him. Keystone also filed two motions seeking preliminary injunctive relief. Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd.,* 952 F.2d at 812. "The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." *Va. Chapter, Associated Gen. Contractors, Inc. v. Kreps*, 444 F. Supp. 1167, 1182 (W.D. Va. 1978) (quoting *Va. Petroleum Jobbers Ass'n. v. Fed. Power Comm'n*, 259 F.2d 921, 925 (1958)).

I referred Keystone's motions seeking preliminary injunctive relief to United States Magistrate Judge Pamela M. Sargent for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). She held a hearing and filed a report, finding no basis for granting Keystone's request for preliminary injunctive relief and recommending that his motions be denied. Specifically, she found that Keystone is not likely to succeed on the merits of his claims and he has not shown that he is likely to suffer irreparable harm in the absence of preliminary relief or that the defendants are the appropriate people to provide the preliminary relief Keystone seeks. Keystone filed objections to the report. Having reviewed the Report and Recommendation, the objections thereto, and pertinent portions of the record *de novo* in accordance with § 636(b)(1), the court agrees with the Magistrate Judge's recommendation.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Keystone's objections to the Report and Recommendation (Docket No. 61) are **OVERRULED**; the Magistrate Judge's Report and Recommendation (Docket No. 58) is **ADOPTED** in its entirety; and Keystone's motions for preliminary injunctive relief (Docket Nos. 17 and 33) are **DENIED**.

The Clerk of the Court is directed to send a copy of this order to the parties.

**ENTER**: This  18th  day of October, 2016.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE